WO                                                                                                    JWB/GJF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ali Partovi,                                    )  No. CV 06-1792-PHX-EHC (DKD)
                                                )
           Plaintiff,                           )  **ORDER**
                                                )
vs.                                             )
                                                )
Martinez, et al.,                               )
                                                )
           Defendants.                          )
_____)

Plaintiff Ali Partovi brought this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). He names Immigrations Customs Enforcement (ICE) officers Carlos Martinez and Miguel Rodriguez as Defendants. Before the Court is Defendants' Motion to Dismiss due to insufficient service of process and failure to serve in a timely manner (Doc.# 17). The motion is fully briefed (Doc.# 21, 23).

The Court will deny Defendants' motion and will allow Plaintiff an additional 30 days to properly serve the U.S. Attorney for the District of Arizona.

**I.     Background**

Plaintiff's claim arises from an incident while he was incarcerated at the ICE Center in Florence, Arizona on May 15, 2006. Plaintiff alleged he was handcuffed by Defendant Martinez "so tight the circulation to [his] hands was cut off and bright red cuff marks [became] visible on both wrists," (Doc.# 1 at 8). Plaintiff further claimed that Martinez then forced him to kneel down on both knees and held his hands "as high as they would go without breaking [his] arms," while Rodriguez kicked and punched him in the stomach and

kidney areas. As a result, Plaintiff alleged he is having problems with his urinary and digestive functions.

Plaintiff filed a Complaint against Defendants on July 19, 2006 (Doc.# 1). On August 17, 2006, the Court granted Plaintiff's Motion to proceed *in forma pauperis* and ordered him to complete service of the Summons and Complaint on the Defendants, pursuant to Fed. R. Civ. P. 4(i)(2)(B),[1] in either 120 days of the date the Complaint was filed or 60 days of the filing of the Order. The U.S. Marshal was ordered to personally serve the Summons and Complaint on Rodriguez and Martinez and send by certified mail the Summons and Complaint to the U.S. Attorney (USA) for the District of Arizona and the U.S. Attorney General (USAG)(Doc.# 4).

Plaintiff completed the service packets for Martinez, Rodriguez (without their first names), and the U.S. (with instructions that the U.S. can be served through Attorney General Alberto Gonzales) and returned them to the Clerk of the Court on August 28, 2006. The service packets for the USAG, Martinez, and Rodriguez were forwarded to the U.S. Marshal's Service on August 30, 2006. The Marshal's Service effectively executed the Summons on the USAG on September 6, 2006 (Doc.# 5), but failed to take *any* action with respect to either Martinez or Rodriguez. The Court again forwarded the service packets for Martinez and Rodriguez to the Marshal's Service on May 29, 2007. Summonses for Rodriguez and Martinez were returned unexecuted on June 5, 2007 due to insufficient information. On June 11, 2007 the Court ordered another service packet be sent to Plaintiff with instructions to complete and return the packet to the Clerk of the Court July 2, 2007 (Doc.# 8). Plaintiff filed a "Motion for the Court to Order Access to the First Names of Martinez and Rodriguez" on June 21, 2007 (Doc.# 9). Construing this as a Motion for Time Extension, on July 13, 2007, the Court extended Plaintiff's time to complete and return the service packets (Doc.# 10). On July 24, 2007, Plaintiff filed a "Motion for Issuance of a Writ

---

[1] Mere stylistic changes were made to Rule 4 since this action commenced. However, to avoid confusion the court will refer to the 2007 Edition of the Federal Rules of Civil Procedure throughout this order.

1 of Mandamus" to be ordered and served upon ICE Officer Dave Kollus to compel him to
2 provide the first names of the Defendants to Plaintiff (Doc.# 11). On February 1, 2008, the
3 Court, construing Plaintiff's Motion as a motion for deposition, ordered Kollus to provide
4 Plaintiff with Defendants' first names and to provide Martinez and Rodriguez with copies
5 of the Order (Doc.# 12) and the Complaint (Doc.# 1). The Court reset the service packet due
6 dates for March 13, 2008. The Court received the service packets from Plaintiff as to
7 Martinez and Rodriguez on February 20, 2008, and on March 11, 2008, the Summons for
8 Rodriguez and Martinez were returned executed (Doc.# 14 and 15, respectively).

9 Defendants now seek dismissal of this action, pursuant to Fed. R. Civ. P. 4(m) and
10 12(b)(5), due to insufficient service of process and/or failure to effect service of process
11 within 120 days following the filing of the complaint. They contend that Martinez and
12 Rodriguez have yet to be properly served pursuant to Rules 4(e), 4(f), or 4(g), as Patricia
13 Vroom, District Counsel for the Department of Homeland Security, was not authorized to
14 accept service on behalf of Martinez and Rodriguez. Defendants also contend that the USA
15 for the District of Arizona has yet to be served pursuant to Rule 4(i)(1)(A). Furthermore,
16 Defendants contend that Plaintiff has exceeded his 120 day limit of effecting service pursuant
17 to Rule 4(m). Therefore, Defendants contend this action should be dismissed.

18 **II. Defendants' Motion to Dismiss**

19 The issue to be decided is whether Plaintiff had good cause for not effecting proper
20 service on Defendants in the allotted 120 days and, if good cause cannot be found, whether
21 Plaintiff's action should be dismissed. Pursuant to Fed. R. Civ. P. 4(i)(2)(B), 4(i)(1)(A) and
22 4(i)(1)(B), in order to effectively serve officers of the United States sued individually the
23 Plaintiff is required to serve the USAG, the USA for the district where the action is brought,
24 and each officer individually. Under Rule 4(m), Plaintiff must serve Defendants within 120
25 days after the complaint is filed. If Plaintiff fails to properly serve Defendants within this
26 time period, the Court must extend Plaintiff's time to effect service if Plaintiff can show good
27 cause for the failure. If good cause cannot be found, the court has the discretion to either
28 dismiss without prejudice or extend the time period. In re Sheehan, 253 F.3d 507, 512 (9th

1  Cir. 2001).

### A. Service on the U.S. Attorney for the District of Arizona

Plaintiff has yet to effect service on the United States Attorney. Though he properly filled out the service packet for the United States, Plaintiff included instructions to serve the United States through Attorney General Alberto Gonzales without mentioning the USA.

Rule 4(i)(2)(B) mandates that service be made on the United States when action is brought against officers or employees of the government being sued in their individual capacities for acts or omissions occurring in connection with the performance of duties on behalf of the United States. Rule 4(i)(1)(A) and 4(i)(1)(B) defines service on the U.S. as service on the USA for the district in which the action is brought and service of the USAG.

Due to their reliance on the U.S. Marshal to effect service, courts have dealt leniently with plaintiffs proceeding *in forma pauperis*. In Immerman v. U.S. Dept. Of Agriculture ex rel., the Court found that, due to the plaintiff's pro se and *in forma pauperis* status, the confusion regarding the service instructions, the fact that process was served on the named defendant, and that the statute of limitations had run on the plaintiff's claim, the district court had abused its discretion in dismissing the case for failure to properly and timely serve the summons and complaint. 267 Fed.Appx., 609 (9th Cir. 2008). In Puett v. Blandford, the Court found that, after giving the necessary information to effectuate service, good cause is found "where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." 912 F.2d 270, 275 (9th Cir. 1990).[2]

Though not specifically identified in Plaintiff's service packet, the U.S. Marshal had sufficient information to know the USA needed to be served based on the contents of Rule 4. If this was not sufficient information, the Court's Order to the Marshal to serve both the

---

[2] The Court notes that Defendants' motion makes reference to Puett v. Blandford, 895 F.2d 630, 635 (9th Cir. 1990). But this opinion was amended and superceded by the above cited opinion. A careful look at the amended opinion displays that the Court was concerned about the "inaction and dilatoriness" of the Plaintiff rather than the failure to provide correct information to the Marshal's service on the first try. Puett, 912 F.2d at 274.

- 4 -

USA for Arizona and the USAG should have been sufficient (Doc.# 3, Par. IV(C)(5)(b)). Due to the Marshal's oversight, the confusing summons instructions, and the Court's failure to put Plaintiff on notice for this deficiency, good cause is found in Plaintiff's failure to serve the Arizona USA. The Court will, therefore, provide Plaintiff with 30 days to effect service on the USA for Arizona.

### B. Service on Martinez and Rodriguez

Defendants claim that their service was improperly effected through District Counsel Vroom. In addition, Defendants were served more than nineteen months after Plaintiff's Complaint was filed, far in excess of the 120 days allotted.

Personal service upon individuals is not required for proper service. Rule 4(e)(2) allows for service through an agent authorized by appointment or by law to receive service of process. Defendants have not claimed Vroom was not an authorized agent, but merely note that she accepted service. They submit no evidence, other than their argument, that Vroom was not an agent authorized to accept service. Legal memoranda does not constitute evidence. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). Plaintiff has fulfilled his part in providing the necessary information for service to be effected and will not be penalized for any mistakes the Marshal's Service may have made. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (incarcerated pro se plaintiffs proceeding *in forma pauperis* are entitled to rely on the Marshal for service of summons and complaint and cannot be penalized by dismissal of the action for failure to effect service where the Marshal has failed to perform his duties). Plaintiff has shown diligence in effecting service on Defendants, from which Defendants have actual notice of the action against them.

While Plaintiff failed to serve Defendants within 120 days, he is only minimally responsible for the delay. The Court twice sent the service packet to the Marshal, but the unexecuted service did not return to Plaintiff until nine months after Plaintiff returned the packets to the Court. Through no fault of his own, Plaintiff did not learn of Defendants' first

- 5 -

names in order to properly serve them until nearly nineteen months after his Complaint was filed. Due to difficulties outside of Plaintiff's control, service on Defendants is deemed proper and timely.

**IT IS ORDERED:**

(1) Defendants Rodriguez and Martinez's Motion to Dismiss for insufficiency of process and/or failure to effect service of process in a timely manner (Doc. #17) is **denied**.

(2) The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and a summons form for the United States Attorney for the District of Arizona.

(3) Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order.

(4) The United States Marshal must send by certified mail a copy of the Summons for each individual Defendant, the Summons for the United States, and the Complaint to the civil process clerk at the office of the United States Attorney for the District of Arizona.

DATED this 8th day of July, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge