**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Partovi,<br><br>    Plaintiff,<br>vs.<br><br>Carlos Martinez and Miguel Rodriguez,<br><br>    Defendants. | No. CV 06-1792-PHX-EHC<br><br>**ORDER** |

On April 30, 2010, the Court entered an Order (Dkt. 49 - Order) extending the discovery period as requested by Plaintiff in a Motion to Extend Discovery (Dkt. 48) filed on April 28, 2010. Plaintiff had argued in part that timely disclosure of documents had not occurred. Plaintiff informed the Court in the motion that Defendants had refused to stipulate to an extension of the discovery period. The Court's Order (Dkt. 49) extended the discovery period from May 14, 2010 to June 28, 2010.

On the same date as the Court's Order was entered, but following entry of the Order, Defendants filed an Opposition to Plaintiff's Motion to Extend Discovery (Dkt. 50). Defendants argued that the Court previously had entered an Order (Dkt. 47 - Order) on February 23, 2010 granting Plaintiff's request to re-open discovery and set May 14, 2010 as the discovery completion date but that Plaintiff had made no attempt to conduct any discovery until April 6, 2010. Defendants argued that Plaintiff had not demonstrated any type of good cause for the requested discovery extension in the motion filed on April 28, 2010.

In an Order (Dkt. 51 - Order) filed on May 11, 2010, the Court determined that

Defendants' Opposition Response (Dkt. 50) would be construed as a motion for reconsideration of the Court's April 30, 2010 Order and set a briefing schedule.

Plaintiff filed a Response (Dkt. 52) on May 21, 2010. Defendants filed their Reply (Dkt. 53) on June 1, 2010.

Plaintiff argues in the Response that counsel contacted Defendants' counsel on or about March 24, 2010 for assistance in determining which government agency might be in possession of relevant documents and thereafter issued a subpoena to the U.S. Immigration and Customs Enforcement ("ICE") and Florence Correctional Center. In April 2010, Plaintiff's counsel received some documents and objections were made as to other documents. Additional documents were received in May 2010. Plaintiff argues that the extension of time has allowed ICE to continue to locate relevant documents. Plaintiff's counsel suggests that a protective order may be necessary for the release of other documents and information. Plaintiff argues that deposition notices have been served, Defendants were deposed on May 12, 2010, and discovery is moving forward. Plaintiff's counsel anticipates the completion of discovery by the present deadline of June 28, 2010.

In their Reply, Defendants argue that Plaintiff has not demonstrated diligence in seeking discovery, noting that Plaintiff waited nearly two months after the Court's February 23, 2010 Order before commencing any discovery procedure. Defendants point out that Plaintiff did not issue a subpoena until April 6, 2010. Defendants contend that Plaintiff has not offered any explanation for why Plaintiff waited to initiate discovery.

Pursuant to LRCiv 7.2(g)(1), the Court "will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."

The Court has considered the parties' arguments and the circumstances presented. Defendants have not demonstrated manifest error in the entry of Court's Order allowing an extension of the discovery period until June 28, 2010.

//

Accordingly,

**IT IS ORDERED** that Defendants' Opposition Response (Dkt. 50), considered as a motion for reconsideration of the Court's April 30, 2010 Order, is denied.

DATED this 10th day of June, 2010.

_____
Earl H. Carroll
United States District Judge