**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Partovi, | No. CV 06-1792-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Carlos Martinez; Miguel Rodriguez, | |
| Defendants. | |

This is a *Bivens* action alleging the excessive use of force by two ICE agents. The case was reassigned to the undersigned on October 6, 2010 and tried to the court without a jury on November 16, 2010. These are our findings and conclusions under Rule 52(a), Fed. R. Civ. P.

Plaintiff is an illegal alien who should be removed to Iran. He refuses to cooperate or assist in his removal. He is thus subject to indefinite detention. He goes out of his way to irritate his custodians. He offered video evidence at trial just to show how obnoxious he can be. He succeeded. He claims that the defendants' anger at his being a "thorn in their sides" caused them to punch and kick him. He claims damages for pain and suffering.

The defendants contend that plaintiff was verbally abusive and had to be restrained. They deny they punched or kicked him.

Plaintiff has the burden of proof by a preponderance of evidence. In deciding which testimony to believe and which testimony not to believe, we consider, among other things, the

1  factors a jury would consider under 9th Cir. Civ. Jury Instr. 1.11 (2007).  All of these factors
2  weigh in favor of believing officers Martinez and Rodriguez.  Partovi is a disreputable
3  character who was convicted of using a false passport to gain entry into Guam. Exhibit 6.
4  This is an act of dishonesty within the meaning of Rule 609(a)(2), Fed. R. Evid.  Partovi is
5  gaming the system and the United States is allowing him to do it.  He has been unlawfully
6  in the United States since 2001, and the government has failed to take effective action to
7  physically remove him. The government is allowing Partovi and Iran to call the shots.  It was
8  even willing to release Partovi into the United States and reward him for his contumacious
9  behavior.  Partovi, however, prefers the free room and board of custody.   The CM/ECF
10 system shows that he is a party to 13 cases in this District.  I find him not worthy of belief.
11 Moreover, the documents admitted into evidence are consistent with defendants' contentions
12 and fail to support plaintiff's version of events.  There is no credible evidence of injury or
13 medical treatment for any injury that would rise to the level of a constitutional violation.

14      I therefore find that plaintiff has failed to meet his burden of proof on his excessive
15 force claim. Accordingly, I find in favor of the defendants and against plaintiff on plaintiff's
16 complaint.  The clerk is directed to enter final judgment under Rule 58, Fed. R. Civ. P. in
17 favor of defendants and against plaintiff on plaintiff's complaint.

18      The court thanks Adam Lang and Andrew Stone for representing plaintiff at trial.
19      DATED this 17th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge